McFARLAND *v.* PARK WOOLEN MILLS.

Under the facts disclosed by the record there was no abuse of discretion in re-
fusing to grant an injunction.

Submitted June 24, — Decided July 23, 1901.

Petition for injunction. Before Judge Henry. Walker supe-
rior court. May 22, 1901.

On May 18, 1895, J. M. McFarland conveyed land lot 9 and
other lots in Rossville, Walker county, his deed containing the fol-
lowing: " And the said J. M. McFarland also conveys to said
grantees, their heirs and assigns, the right to lay pipes in Lake
avenue or other streets (which are his private property) and draw
water from the lake situated on said land lot number 9, for man-
ufacturing purposes, for the purpose of using and operating the
manufacturing plant hereinafter named, it being the intention that
this grant is to give the right to use all the water that may be nec-
essary for said purpose. This grant is to confer the right to lay said
pipes through any private property of the grantor that may be neces-
sary to reach said lake, together with the right at all times to enter on
any and all the property through which the pipes is laid, and to make
all necessary repairs in the same. This deed is made on condition
that the grantees herein, their heirs and assigns, shall within sixty
days commence to build and shall within a reasonable time build
and equip a woolen mill on the property conveyed by this deed or
the adjoining property." The mill was built and operated by the
successor of the grantees in this deed, and in connection there-
with a two-inch pipe was run from the mill to the lake, whereby a
water-supply for the mill was procured, it being operated by steam-
power. The corporation owning the mill has recently laid a new
four-inch pipe partly through the lands of McFarland, the plaintiff,
for its water-supply, with the intention of abandoning the old pipe,
which is worn out and leaking. Before the laying of the new pipe
was finished, the plaintiff brought his petition for injunction to
prevent the defendant corporation from completing it and from
drawing water from the lake through the same. He contends that
the defendant has no right to divert the water from the lake by
means of the new pipe; that one of its officers has admitted that
the pipe which has been in use is sufficient as a means of obtain-
ing its water-supply ; that the taking of the water by means of the

four-inch pipe will result in irreparable damage to him and will bring about a multiplicity of suits; that it would be within the power of the defendant, if not restrained as prayed, to diminish the water in the lake to so great an extent as to render it of little or no value for other purposes, without compensation to him, etc. The answer of the defendant denied all of these contentions; and the testimony at the hearing was in conflict. On behalf of the defendant it is contended that there is no purpose to waste water, or to use more than is necessary for its factory operations and to keep filled the tank it erected for fire protection when the factory was built. It appears that the lake is an artificial one made by the erection of a dam, and that it is supplied by a large spring near by. The judge refused the injunction, and the plaintiff excepted.

*Tomlinson Fort* and *Payne & Payne*, for plaintiff.
*Pritchard & Sizer*, for defendant.

COBB, J. Upon the building and equipping of a woolen mill begun within sixty days from May 18, 1895, and completed within a reasonable time thereafter, the grantees in the deed from McFarland of that date, and their successors and assigns, were entitled, under the terms of the deed, to conduct, in pipes laid upon the land of McFarland, water from the lake situated on his land, in such quantities as were necessary for the use and operation of the manufacturing plant. Under the very terms of the grant they were to have "the right to use all the water that may be necessary for" the operation of the manufacturing plant. The number and sizes of the pipes which were to be used to accomplish this purpose were not specified in the deed. They were entitled to use pipes of such sizes and of such number as were necessary to accomplish the purpose. The right to conduct and use the water was to continue as long as the grantees, or their successors, saw fit to use and operate the plant, and the right to enter upon the land of McFarland and make all necessary repairs upon the pipes laid thereon was distinctly provided for in the grant. In the exercise of the powers thus granted the parties laid a two-inch pipe, through which the water necessary for the use of the mill has been conducted since the mill was built up to a short time before the beginning of the present litigation. The defendant in error, which is the successor of the grantees in the deed from McFarland, has recently laid a

four-inch pipe, which is to be used in conducting the water from the lake to its plant, and the present application is brought to enjoin the defendant from connecting this pipe with the lake, and from using the pipe. The judge refused to grant the injunction. Under the grant in the deed the defendant in error has a right to the use of all the water that is necessary for the operation of its plant, including the use of water for protection against fire, in such quantities as are ordinarily and usually required about manufacturing plants of the character of that operated by the defendant in error. It is claimed by the defendant in error that it has used water for all of these purposes in the past; that it is intended in the future to use only such water as is necessary for the same purposes; that it is not its purpose by laying the larger pipe to increase the quantity of water that is to be used, but simply to provide a less expensive method of procuring the same quantity of water that it has been heretofore able to obtain through a smaller pipe in a more inconvenient and expensive way; that it does not expect to maintain the two lines of pipe; and that the old line of pipe will be necessarily abandoned, because it is worn out and will soon become useless. All of this is denied by the plaintiff in error, who claims that it is the purpose of the defendant in error to use both lines of pipe, and to use an increased quantity of water and for purposes for which it has not been used in the past. The evidence upon all of these points was directly conflicting. The judge has seen proper to refuse to grant an injunction, but has left the parties to their remedy before a jury upon a final hearing of the case. In the light of the fact that there is no allegation that the defendant is insolvent, and that the allegations do not make a case where the damages would be irreparable but would be capable of almost exact computation, the discretion of the trial judge in refusing to grant the injunction was wisely exercised.

*Judgment affirmed. All the Justices concurring.*